P1EEVEGA

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------x

UNITED STATES OF AMERICA,

         v.                         23 Cr. 136 (JLR)

ANASTACIO SOTO VEGA,

                                  Arraignment
             Defendant.

-------------------------------x

                                New York, N.Y.
                                January 14, 2025
                                12:45 p.m.

Before:

                  HON. JENNIFER L. ROCHON,

                                District Judge

                      APPEARANCES

EDWARD Y. KIM
     United States Attorney for the
     Southern District of New York
BY:  JANE CHONG
     Assistant United States Attorney

     Attorney for Defendant
BY:  CORY M. GARCIA, SR.

ALSO PRESENT:
Gabriel Mitre, Interpreter (Spanish)
Matthew Meyers, DEA Special Agent

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

P1EEVEGA

(Case called)

MS. CHONG:  Good afternoon, your Honor.

AUSA Jane Chong for the government, and I'm accompanied at counsel table by DEA Special Agent Matthew Meyers.

THE COURT:  Thank you.

Good afternoon, Ms. Chong and Officer Meyers.

MR. MEYERS:  Good afternoon.

MR. GARCIA:  Good afternoon, your Honor.

Pursuant to the Criminal Justice Act, with your Honor's approval, Cory Garcia on behalf of Mr. Soto Vega.

THE COURT:  Thank you.

Good afternoon, Mr. Vega.

THE DEFENDANT:  Good afternoon.

THE COURT:  Okay.  I think we're here for presentment, arraignment, and appointment of counsel; is that correct, Ms. Chong?

MS. CHONG:  That's correct, your Honor.

THE COURT:  All right.  Let me ask first, what is our date and time of arrest?

MS. CHONG:  Your Honor, the defendant was extradited and arrested in the district yesterday, January 13, 2025, at approximately 5:55 p.m.

THE COURT:  And we are presenting here today at 12:50.

All right.  Has there been consular notification if

P1EEVEGA

Mr. Soto Vega is a citizen of another country?

MS. CHONG:  Your Honor, consular notification is not mandatory in this case and has not been done, but we will confer and determine if it's appropriate.

THE COURT:  Pardon?  You will confer and --

MS. CHONG:  And determine if it's appropriate.

THE COURT:  Okay.  Thank you.

Mr. Garcia, is there a request for consular notification?

MR. GARCIA:  No, your Honor.

THE COURT:  Okay.  Thank you.

All right, then.  The government will let me know.  I, too, have confirmed that Mexico --

Mr. Garcia, is your client a Mexican citizen?

MR. GARCIA:  Yes.

THE COURT:  Okay.  I've confirmed that's also a non-mandatory notification case and I have no request for notification.

All right.  The purpose of the proceeding today, Mr. Soto Vega, is to inform you of certain rights and do a presentment and arraignment, but I want to make sure we have here a Spanish interpreter.

If at any time you need me to repeat something, slow down, take a pause, anything like that, please let me know.

Do you understand?

P1EEVEGA

THE DEFENDANT:  Yes, I understand.

THE COURT:  Thank you.

All right.  As I said, the purpose of the proceeding is to inform you of certain rights that you have; second, tell you about the charges against you; and third, talk about appointment of counsel; and finally, decide if there are any conditions upon which you may be released.

So, first, with respect to your rights, you have the right to remain silent.  You are not required to make any statements.  Even if you've already made statements to the authorities, you need not make any further statements. Anything you say can be used against you.

You also have the right to be represented by counsel during all court proceedings, including this one, and also during any questioning by any authorities.  If you cannot afford an attorney, I will appoint one to represent you, and in that regard, I see that I have a financial affidavit that has been handed up to me.

Before we get to that, I also want to inform you of the right to be released, either with or without conditions, pending your trial unless I find that there are no conditions that would reasonably assure both your presence in court and the safety of the community, unless there is consent for detention, which we will get to in a bit.

So I have, as I said before, a financial affidavit

P1EEVEGA

that has been handed up to me that was filled out by

Mr. Soto Vega, and I'm going to ask Mr. Soto Vega to swear to

the accuracy of this affidavit, so I'll ask my deputy to please

swear in the defendant.

(Defendant sworn)

THE COURT:  And do you swear that your signature on

this affidavit is your signature?

THE DEFENDANT:  Yes, I swear.

THE COURT:  Okay.  Thank you.

I will approve the appointment of counsel, and I'll

approve you, Mr. Garcia.

You can put your hand down.  Thank you.

I will approve you, Mr. Garcia, to represent

Mr. Soto Vega.

And I will now move on to the charges in the

indictment.

Mr. Soto Vega, you have been charged in an indictment

with several counts:  The first count is a conspiracy to import

fentanyl; the second count is the possession of machine guns

and destructive devices; the third count is conspiracy to

possess machine guns and destructive devices; and then there

are some forfeiture allegations.

All right.  I think that takes care of our

presentment.  I think we'll move on to arraignment.

Mr. Soto Vega, have you had an opportunity to read

P1EEVEGA

this indictment?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  And has it been translated for you?

THE DEFENDANT:  Yes.

THE COURT:  And have you had an opportunity to speak with your lawyer, Mr. Garcia, about the indictment?

THE DEFENDANT:  Yes.  Yes, your Honor.

THE COURT:  And do you understand the charges that have been brought against you?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Thank you.

Mr. Garcia, have you discussed the indictment with your client?

MR. GARCIA:  I have.  Just to clarify the record, it hasn't been translated for him.  With the use of an interpreter, I went over it and reviewed it with him.  I do intend to have it translated for him, though.

THE COURT:  Absolutely.  That is what I meant, was it read to you through the use of an interpreter.  Thank you for that.

And do you believe, Mr. Garcia, that your client understands the charges in the indictment?

MR. GARCIA:  Yes, he does.

THE COURT:  Thank you.

Mr. Soto Vega, would you like me to read this

P1EEVEGA

indictment out loud here in court or do you waive its public reading?

THE DEFENDANT:  I waive the public reading.

THE COURT:  Okay.  And how do you plead to this indictment, guilty or not guilty?

THE DEFENDANT:  Not guilty.

THE COURT:  Okay.  The defendant's plea of not guilty is accepted and will be entered into the court record.

All right.  Next, let's deal with any release requests.

Mr. Garcia, what's your position with respect to detention?

MR. GARCIA:  We consent to his detention, your Honor.

THE COURT:  Thank you.

All right.  So we have detention on consent.

And then, finally, let's talk about next steps here.

What will discovery look like, Ms. Chong, and when can it be produced to the defendant?

MS. CHONG:  Your Honor, discovery has already been produced to one of the defendant's codefendants who has already been arrested and was presented in this district, and so we anticipate cross-producing that production and assessing whether there is additional discovery to be produced.  We ask for three weeks, your Honor.

THE COURT:  Okay.  So by February 4 you'll have

P1EEVEGA

discovery to the defendant?

MS. CHONG:  Yes, your Honor, if the defendant requests discovery.

THE COURT:  Yes.  Okay.

And then, Mr. Garcia, would you like to look over the discovery and talk to your client and come back at a later date for motions and trial, or would you like me to set those dates now?

MR. GARCIA:  I'd like an opportunity to review the discovery with Mr. Soto Vega.

THE COURT:  Okay.  Thank you.

Let's, then, talk about when we'll be back.

Ms. Chong, where are we in this case with the other codefendant, too, in terms of dates?  I think we have a hearing scheduled --

Well, go ahead.

MS. CHONG:  Your Honor, I do think we have a hearing scheduled.  I apologize, I don't have that date in front of me. But if the Court is amenable to it, it might make sense to start scheduling the status conferences together.

THE COURT:  I have a conference scheduled for February 26, 2025.

MS. CHONG:  Your Honor, at this time we're not putting in an application as to that date, but as to this defendant, it seems unlikely that the defense will have reviewed the

P1EEVEGA

discovery by then, so we ask for 60 days from today if the defense is amenable to it.

THE COURT:  Okay.

Mr. Garcia, what's your view?

MR. GARCIA:  Yes, we are amenable.

THE COURT:  Okay.  So the 60 days is to give you an opportunity, Mr. Garcia, to go over the discovery with your client.  I think that's probably right.  If we do it too soon, you won't have ample time to talk to your client.

MR. GARCIA:  Thank you, your Honor.

THE COURT:  Okay.  No problem.

So, let me get a date 60 days out from my deputy, please.

(Court and deputy confer)

Okay.  How about March 19 at 10:00 a.m.?

MR. GARCIA:  That's fine with the defense, your Honor.

MS. CHONG:  That works for the government, your Honor. Thank you.

THE COURT:  Okay, good.  So I'll set down our next conference here on March 19 at 10:00 a.m.

I also want to make sure -- if you could, Ms. Chong, could you just briefly describe the type of discovery that you're going to give to Mr. Garcia?  He hasn't been involved in this case yet and I think it would help him to understand a little bit about what to expect.

Case 1:23-cr-00136-JLR    Document 33    Filed 02/21/25    Page 10 of 12    10

P1EEVEGA

MS. CHONG:  Your Honor, just at a high level, the discovery consists of communications that took place between the various codefendants and the confidential sources, and those include, for example, recordings of meetings that took place.  So, those are really the core discovery elements.

THE COURT:  Okay.  Thank you very much.

All right.  I also want to remind the government, under Federal Rule of Criminal Procedure 5(f), that they have an obligation, under a case called *Brady v. Maryland* and its progeny, to disclose to the defense all information, whether admissible or not, that is favorable to the defendant, material either to guilt or to punishment, and known to the prosecution.

Did you have something you wanted to add?

MS. CHONG:  No, your Honor.

THE COURT:  Okay.  The government must make good-faith efforts to disclose such information to the defense as soon as reasonably possible, and failure to do so may result in any number of consequences, including a continuance, sanctions, dismissal, or vacatur of a conviction.  I will enter a written order describing more fully these obligations and the possible consequences of failing to meet them, and I direct the government to review and comply with that order.

Ms. Chong, can you confirm that you understand your obligations and either have fulfilled or will fulfill them?

MS. CHONG:  Yes, your Honor, I understand.  And the

(212) 805-0300

P1EEVEGA

government will fulfill these obligations.

THE COURT:  Thank you very much.

All right.  Are there any other things that we need to address at this conference here today, Ms. Chong?

MS. CHONG:  No, your Honor.  Thank you.

THE COURT:  Is there any motion to exclude any time?

MS. CHONG:  Your Honor, the government moves to exclude time until March 19, 2025.  The interests in exclusion outweigh the interests of the public and the defendant in a speedy trial because it will allow the parties to confer about a possible disposition and for the defense to review the discovery.

THE COURT:  Okay.

Mr. Garcia, your position on that?

MR. GARCIA:  No objection.

THE COURT:  Thank you.

I will exclude time from today until March 19.  I find the ends of justice served by excluding such time outweigh the interests of the public and the defendant in a speedy trial, because of the need for time for Mr. Soto Vega to review the discovery, have discussions with his counsel, and consider any potential disposition of this case with the government.

All right.  Is there anything further, Ms. Chong?

MS. CHONG:  No, your Honor.  Thank you.

THE COURT:  Is there anything further we need to

P1EEVEGA

discuss here today, Mr. Garcia?

MR. GARCIA:  No, your Honor.

THE COURT:  All right.  Let me just make sure I have nothing further.

Okay.  I think that is it.

All right.  Well, then, I will see you all on March 19 at 10:00 a.m.  And discovery should be produced, if it's going to be produced, before that time.  I will leave it to the parties to have further discussion in that regard.

Court is adjourned.

Thank you.

(Adjourned)